IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JARED BARTLETT, | § | |
| Petitioner | § | |
| | § | |
| v. | § | A-09-CA-233 LY |
| | § | |
| CLAUDE MAYE, Warden, FCI Bastrop, | § | |
| Respondent | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are: Jared Bartlett's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(Clerk's Docket No. 1); Memorandum in Support of Petition (Clerk's Docket No. 2); and Respondent's Motion to Dismiss Petitioner's 28 U.S.C. § 2241(Clerk's Doc. No. 11). The undersigned Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. BACKGROUND**

On April 1, 2009, Jared Bartlett ("Petitioner") filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner, who was incarcerated at the Federal Correctional Institution ("FCI") in Bastrop, Texas, and is currently residing in a halfway house, alleges that the Bureau of Prisons' ("BOP") decision to place him in administrative segregation violated his constitutional rights. Specifically, Petitioner alleges that the order of segregation denied him his due process rights, that prison officials have refused to provide for his special medical needs in violation of the Eighth Amendment and that prison officials have violated his First Amendment right to

practice his religion. Petitioner requests that the Court order Warden Claude Maye to release Petitioner back to the prison general population.

## II. DISCUSSION

Petitioner's § 2241 Petition must be dismissed because he has failed to exhaust his administrative remedies in this case. A federal prisoner must "exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); See also, *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (a petitioner seeking habeas relief under Section 2241 "must first exhaust his administrative remedies through the Bureau of Prisons"); *Jones v. United States District Court*, No. A-07-CA-492-SS, 2007 WL 863541, *1 (W.D. Tex. June 28, 2007) (Austin, Mag. J.) (recommending dismissal of Section 2241 petition for failing to exhaust administrative remedies). "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller*, 11 F.3d at 62 (citation omitted). The petitioner bears the burden of showing the futility of exhaustion. *See Id.* Exceptions to the exhaustion requirement apply only in "extraordinary circumstances," and the petitioner bears the burden of demonstrating the futility of administrative review. *See Id.*

The record demonstrates that Petitioner has not exhausted his administrative remedies through the BOP regarding any of the claims presented in this case. *See* Respondent's Response at Exhibit A, Declaration of Martin Joseph Sweaney. Further, Petitioner has failed to carry his burden of showing that administrative remedies are either unavailable or wholly inappropriate to the relief sought or that exhausting his claims through the administrative process would be futile.

Even if Petitioner had exhausted his administrative remedies, his petition would still be dismissed because his claims are not cognizable in a § 2241 petition. Section 2241 is the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). However, Petitioner is complaining that he is being deprived of necessary medical care in prison, that he is suffering from excessive discipline, and that he is not able to freely practice his religion while in custody. Such claims are an attack on the conditions of his confinement and are not cognizable in a habeas petition. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994) ("The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement."); *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976) ("Simply stated, habeas is not available to review questions unrelated to the cause of detention"). Accordingly, Petitioner's claims are also outside the proper scope of a § 2241 petition. *See Schipke v. Van Buren,* 2007 WL 2491065 at *1 (5th Cir. Aug. 30, 2007) (holding that petitioner's claims were outside scope of § 2241 motion where none of the claims raised by petitioner challenged the fact or duration of her confinement and none, if prevailed on, would have entitled her to accelerated release and thus should have been raised in *Bivens* action).

### III. RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Respondent's Motion to Dismiss Jared Bartlett's Petition for Writ of Habeas Corpus (Clerk's Doc. No. 11). The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** without prejudice Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2241 (Clerk's Doc. No. 1).

3

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 14th day of September, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE